**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FREDERICK MUTUAL INSURANCE CO.<br>5280 Corporate Dr., Ste. A27<br>Frederick, MD  21703 | :  Civil Action No.:  26-5425<br>:<br>: |
|       Plaintiff, | :<br>: |
| v. | :  JURY TRIAL DEMANDED<br>: |
| JOHN SALVATORE d/b/a<br>JN CONSTRUCTION<br>10621 St. Thomas Drive<br>Philadelphia, PA  19116, | :<br>:<br>:<br>: |
| and | :<br>: |
| UNITED STATES CONSTRUCTION AND<br>WATERPROOFING, LLC<br>315 Highland Ave.<br>Darby, PA 19023, | :<br>:<br>:<br>: |
| and | :<br>: |
| VESNA HESS AND<br>WILLIAM HOZACK<br>2100 Cypress Street<br>Philadelphia, PA 19103, | :<br>:<br>:<br>: |
|       Defendants. | :<br>: |

## COMPLAINT FOR DECLARATORY JUDGMENT

AND NOW, comes Plaintiff, Frederick Mutual Insurance Company, by and through its counsel, Michael F. Nerone, Esquire, Brendan K. Birmingham, Esquire, and Pion, Nerone, Girman, & Smith, P.C., and files this Complaint for Declaratory Judgment, in support of which it avers the following:

1.    Plaintiff, Frederick Mutual Insurance Company, ("Frederick Mutual") is a duly authorized and licensed Maryland insurance company which maintains its principal place of business in Frederick, Maryland.

2.    Defendant, John Salvatore d/b/a JN Construction ("JN Construction"), based upon information and belief, is an individual doing business under the fictitious name, JN Construction, whose principal place of business is located at 10621 St. Thomas Drive, Philadelphia, Pennsylvania 19116.

3.    Defendant, United States Construction and Waterproofing LLC ("USCW"), based upon information and belief, is a New Jersey limited liability company, whose principal place of business is located at 315 Highland Ave., Darby, Pennsylvania 19023.

4.    Defendants, Vesna Hess and William Hozack ("Underlying Plaintiffs"), based upon information and belief, are adult individuals who reside at 2100 Cypress Street, Philadelphia, Pennsylvania 19103 (the "Premises").

5.    This Court may properly exercise jurisdiction over the parties and subject matter of this lawsuit pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship and the amount in controversy is in excess of $75,000.00.  Additionally, this Court has subject matter jurisdiction over this action, as it is asserted, pursuant to 28 U.S.C. § 2201-2202.

6.    Venue is proper in this Judicial District under 28 U.S.C. § 1391(a), as the policy of insurance that is the subject of this action was issued in Pennsylvania, the incident underlying the insurance dispute, based upon information and belief, occurred in York County, Pennsylvania.

7.    On or about April 24, 2024, the Underlying Plaintiffs filed suit against Defendants JN Construction and USCW in the Court of Common Pleas of Philadelphia County, Pennsylvania at Case ID: 240403197 (the "Underlying Action").  A true and correct copy of the Complaint filed by the Underlying Plaintiffs in the Court of Common Pleas of Philadelphia County ("Underlying Complaint") is attached hereto as Exhibit "A".

8.    In the Underlying Complaint, the Underlying Plaintiffs assert that they entered into an agreement in July of 2022 with Defendant JN Construction pursuant to which Defendant JN

2

Construction was to remove and replace the existing roof system at the Premises, and to perform "other repairs". See Exhibit A, at ¶ 7.

9.     The Underlying Plaintiffs further alleged that Defendant USCW was a subcontractor working on the roof repair. Id. at ¶ 8.

10.     In the Underlying Complaint, the Underlying Plaintiffs allege that they have suffered damage as a result of water infiltration originating from the roofing system and have incurred remediation costs as well as suffered damage to "personal property". Id. at ¶¶ 13 – 14.

11.     The Underlying Plaintiffs assert that the damages sustained by them were caused by the defective work of Defendants JN Construction and USCW. Id. at ¶ 50.

12.     The Underlying Complaint contains six causes of action common to Defendants JN Construction and USCW, including claims for breach of contract (Count I), breach of express warranty (Count II), breach of implied warranty of workmanlike construction (Count III), negligence (Count IV), violations of the Pennsylvania Home Improvement Consumer Protection Act ("HICPA") (Count V), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count VI). See Exhibit A, generally.

13.     Plaintiff, Frederick Mutual, issued Policy No. BP202200391 (the "Policy") to Defendant JN Construction for the Policy Period of January 26, 2022 to January 26, 2023. A true and correct copy of the Policy is attached hereto as Exhibit "B".

14.     Plaintiff is providing a defense to Defendant JN Construction in the Underlying Action, subject to its reservation of any and all rights under the Policy. A true and correct copy of Frederick Mutual's Reservation of Rights Letter is attached hereto as Exhibit "C".

15.     This matter presents a case of actual controversy.

16.     Plaintiff brings this action pursuant to both the Pennsylvania Declaratory Judgment Act and the Federal Declaratory Judgment Act.

3

<u>COUNT I</u>
<u>FOR DECLARATORY RELIEF</u>

17.    The averments contained in paragraphs 1 through 16 above are incorporated herein by reference, as if set forth herein at length.

18.    The insuring clause of the Policy states:

**SECTION II – LIABILITY**
**A. Coverages**
    **1. Business Liability**

        **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies…

        **b.** This insurance applies:

        **(1)** To "bodily injury" or "property damage" only if:

        **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

<u>See</u> Exhibit B at p. 35 of 53.

19.    The Policy defines "occurrence" as an accident, including continuous or repeated exposure to substantially the same general harmful conditions. <u>See</u> Exhibit B, at p. 49 of 53.

20.    Faulty workmanship or breach of contract is not an accident and, therefore, claims arising from faulty workmanship do not trigger coverage because there has been no occurrence.

21.    The basis for the Underlying Plaintiffs' claims against Defendants JN Construction and USCW are for faulty workmanship.

22.    Specifically, the Underlying Plaintiffs plead that the damages sustained resulted from Defendants' defective work.  <u>See</u> Exhibit A at ¶¶ 26, 39, 49 – 50.

23.    Accordingly, because there has been no "occurrence", coverage has not been triggered and the Underlying Plaintiffs' claims are not covered under the Policy.

WHEREFORE, Plaintiff Frederick Mutual Insurance Company, respectfully requests that this Honorable Court enter judgment in its favor and declare:

A.  The claims asserted by the Underlying Plaintiffs against Defendants JN Construction and USCW in the Underlying Action are for faulty workmanship;

B.  Plaintiff, Frederick Mutual Insurance Company, has no obligation to defend Defendant JN Construction, or any other person or entity, for the Underlying Plaintiffs' claims asserted in the Underlying Action;

C.  Plaintiff, Frederick Mutual Insurance Company, has no obligation to indemnify Defendant JN Construction, or any other person or entity, for the Underlying Plaintiffs' claims asserted in the Underlying Action

D.  Defendant JN Construction is obligated to reimburse Frederick Mutual for all costs and expenses incurred by Frederick Mutual to defend JN Construction from the Underlying Plaintiffs' claims asserted in the Underlying Action.

**COUNT II**
**FOR DECLARATORY RELIEF**

24.  The averments contained in paragraphs 1 through 23 above are incorporated herein by reference, as if set forth herein at length.

25.  As set forth above, in the Underlying Action, the Underlying Plaintiffs asserts claims for breach of contract (Count I); breach of express warranties (Count II); breach of express and/or implied warranties (Counts II and III); and violations of HICPA and UTPCPL (Counts V and VI).

26.  The Policy contains the following contractual liability exclusion:

B.  Exclusions
1. Applicable To Business Liability Coverage

This insurance does not apply to:

\*\*\*

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement...

See Exhibit B, at p. 37 of 53.

27.    The above quoted contractual liability exclusion bars coverage for the contractual claims asserted by the Underlying Plaintiffs in Counts I, II, II, V and VI of the Underlying Complaint.

28.    Moreover, the Underlying Plaintiffs assert that Defendants JN Construction and USCW "owed a duty to the [Underlying] Plaintiffs to install roofing materials in a reasonable and workmanlike manner, free from defects and suitable for habitation". See Exhibit A, at ¶ 42.

29.    The "gist of the action" asserted by the Underlying Plaintiffs against the Defendants is for breach of contract, in spite of their efforts to allege a negligence claim by asserting that Defendants breached their duty to the Underlying Plaintiffs, as Defendant JN Construction's duties arose from its contractual relationship with the Underlying Plaintiffs.

30.    As a result, the contractual liability exclusion similarly bars coverage under the Policy for the Underlying Plaintiff's negligence cause of action (Count IV).

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company, respectfully requests a declaration from this Honorable Court that:

A.     The claims asserted by Underlying Plaintiffs against Defendants JN Construction and USCW in Counts I - VI are barred from coverage under the Policy by the contractual liability exclusion;

B.     Plaintiff, Frederick Mutual Insurance Company, has no obligation to defend Defendant JN Construction, or any other person or entity, for the Underlying Plaintiffs' claims asserted in the Underlying Action;

C.     Plaintiff, Frederick Mutual Insurance Company, has no obligation to indemnify Defendant JN Construction, or any other person or entity, for the Underlying Plaintiffs' claims asserted in the Underlying Action

D.     Defendant JN Construction is obligated to reimburse Frederick Mutual for all costs and expenses incurred by Frederick Mutual to defend JN Construction from the Underlying Plaintiffs' claims asserted in the Underlying Action.

**COUNT III**
**FOR DECLARATORY RELIEF**

31.    The averments contained in paragraphs 1 through 30 above are incorporated herein by reference, as if set forth herein at length.

32.    The Policy contains a Fungi or Bacteria Exclusion (Liability) Endorsement. See Exhibit B, at BP 05 77 01 06.

33.    The Fungi or Bacteria Exclusion bars coverage on claims which arise, in part, from fungi and/or bacteria. Id.

34.    Based upon information and belief, some or all of the damages being alleged by the Underlying Plaintiffs are predicated, in part, upon fungi and/or bacteria allegedly existing at the Premises as a result of water intrusion.

7

35.    Accordingly, the Fungi or Bacteria Exclusion bar coverage from being owed with respect to the Underlying Action.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company, respectfully requests a declaration from this Honorable Court that:

A.    The claims asserted by Underlying Plaintiffs against Defendants JN Construction and USCW are barred from coverage by the Fungi or Bacteria Exclusion (Liability) Endorsement contained in the Policy;

B.    Plaintiff, Frederick Mutual Insurance Company, has no obligation to defend Defendant JN Construction, or any other person or entity, for the Underlying Plaintiffs' claims asserted in the Underlying Action;

C.    Plaintiff, Frederick Mutual Insurance Company, has no obligation to indemnify Defendant JN Construction, or any other person or entity, for the Underlying Plaintiffs' claims asserted in the Underlying Action

D.    Defendant JN Construction is obligated to reimburse Frederick Mutual for all costs and expenses incurred by Frederick Mutual to defend JN Construction from the Underlying Plaintiffs' claims asserted in the Underlying Action.

**COUNT IV**
**FOR DECLARATORY RELIEF**

36.    The averments contained in paragraphs 1 through 35 above are incorporated herein by reference, as if set forth herein at length.

37.    The Policy contains an Exterior Insulation and Finish System ("EIFS") Exclusion endorsement. See Exhibit B, at BP 14 08 01 10.

38.    Pursuant to the EIFS Exclusion, if the claim at least in part arise from or is predicated upon exterior insulation and/or finish systems, coverage for the claim is excluded. Id.

8

39. Based upon information and belief, some or all of the work JN Construction was contracted to perform with regard to the Premises involved, and is within the scope of, the EIFS Exclusion.

40. Therefore, the EIFS exclusion bars coverage from being owed under the Policy.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company, respectfully requests a declaration from this Honorable Court that:

A. The claims asserted by Underlying Plaintiffs against Defendants JN Construction and USCW are barred from coverage by the EIFS Exclusion Endorsement contained in the Policy;

B. Plaintiff, Frederick Mutual Insurance Company, has no obligation to defend Defendant JN Construction, or any other person or entity, for the Underlying Plaintiffs' claims asserted in the Underlying Action;

C. Plaintiff, Frederick Mutual Insurance Company, has no obligation to indemnify Defendant JN Construction, or any other person or entity, for the Underlying Plaintiffs' claims asserted in the Underlying Action

D. Defendant JN Construction is obligated to reimburse Frederick Mutual for all costs and expenses incurred by Frederick Mutual to defend JN Construction from the Underlying Plaintiffs' claims asserted in the Underlying Action.

## COUNT V
## FOR DECLARATORY RELIEF

41. The averments contained in paragraphs 1 through 40 above are incorporated herein by reference, as if set forth herein at length.

42. Under Section II – Liability, the Policy contains the following exclusions, which state in part:

**B. Exclusions**
   **1. Applicable To Business Liability Coverage**

   This insurance does not apply to:

   **l.    Damage to Your Product**
   "Property damage" to "your product" arising out of it or any part of it.

   ...

   **n.    Damage To Impaired Property or Property Not Physically Injured**

   "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

   **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
   **(2)** A delay or failure by your or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

   **o.    Recall Of Products, Work or Impaired Property**

   Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

   **(1)** "Your product";
   **(2)** "Your work"; or
   **(3)** "Impaired property";

   if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition on it.

See Exhibit B, at p. 41 of 53.

43.   These business risk exclusions apply to the Underlying Plaintiffs claims against Defendants JN Construction and USCW, to bar coverage from being owed under the Policy for the claims alleged in the Underlying Action.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company, respectfully requests that this Honorable Court enter judgment in its favor and declare:

A.   The claims asserted against Defendants JN Construction and USCW are barred from coverage under the Policy by the business risk exclusions l. through o.;

B.   Plaintiff, Frederick Mutual Insurance Company, has no obligation to defend Defendant JN Construction, or any other person or entity, for the Underlying Plaintiffs' claims asserted in the Underlying Action;

C.   Plaintiff, Frederick Mutual Insurance Company, has no obligation to indemnify Defendant JN Construction, or any other person or entity, for the Underlying Plaintiffs' claims asserted in the Underlying Action

B.   Defendant JN Construction is obligated to reimburse Frederick Mutual for all costs and expenses incurred by Frederick Mutual to defend JN Construction from the Underlying Plaintiffs' claims asserted in the Underlying Action

**COUNT V**
**FOR DECLARATORY RELIEF**

44.   The averments contained in paragraphs 1 through 43 above are incorporated herein by reference, as if set forth herein at length.

45.   The Policy contains an endorsement titled Pennsylvania Changes – Defense Costs. This Endorsement states, in pertinent part:

> The following is added to **Section II – Liability** Paragraph **A. Coverages:**
>
> If we initially defend an insured or pay for an insured's defense but later determine that none of the claims, for which we provided a defense or

11

defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

46.    By correspondence dated November 21, 2024, Frederick Mutual, through its undersigned counsel, provided Defendant JN Construction with a reservation of rights letter which, among other things, advised that coverage may not be owed and that Frederick Mutual was reserving its rights to pursue reimbursement of defense costs under the above referenced Endorsement.

47.    Because coverage is not owed as is more fully outlined above, Frederick Mutual is entitled to be reimbursed for all defense costs incurred with regard to the defense of Defendant JN Construction in the Underlying Action filed by the Underlying Plaintiffs.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant JN Construction in an amount such that it is fully reimbursed for all defense costs incurred associated with its defense of Defendant JN Construction, subject to a reservation of rights, in the Underlying Action.

Respectfully submitted,

PION, NERONE, GIRMAN & SMITH, P.C.

By:    /s/ Brendan K. Birmingham
        Michael F. Nerone
        PA ID #62446
        mnerone@pionlaw.com
        Brendan K. Birmingham
        PA ID #323023
        bbirmingham@pionlaw.com
        1500 One Gateway Center
        420 Fort Duquesne Boulevard
        Pittsburgh, PA  15222
        412-281-2288

Date:  07-31-2026          *Counsel for Plaintiff, Frederick Mutual Insurance Company*